IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DIRECTV, Inc.,

       Plaintiff,

vs.                                                     Civ. No. 03-0606 MV/LCS

JAVIER LOPEZ, JAVIER BARRON,
MATTHEW NARVAEZ, and LYNN
NICHOLS,

       Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court pursuant to the Court's Order to Show Cause How Defendants are Properly Joined, filed February 17, 2004, **[Doc. No. 36]**. The Court, having reviewed Plaintiff's Response to the Order to Show Cause and being fully advised on the law, finds that defendants are not properly joined under Fed. R. Civ. P. 20.

      The purpose of Rule 20 is to promote trial convenience, expedite the final determination of disputes, and avoid multiple lawsuits. *See* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed. 2001). Rule 20 imposes two requirements for permissive joinder of defendants. First, there must be a right to relief asserted against the defendants in respect of or arising out of the same transaction or occurrence. Second, there must be a common question of law or fact with respect to all defendants that will arise in the case. Both of these requirements must be met in order to join defendants under Rule 20. *Watson v. Blankinship*, 20 F.3d 383, 389 (10th Cir. 1994).

While the requirement of commonality is easily determined in most cases, the transactional relatedness requirement is more difficult to assess. James Wm. Moore, Federal Practice § 20.02[1][a] (3d ed. 2003). There is no bright line test for transactional relatedness, and the facts of each particular case must be assessed individually to determine whether joinder is sensible. *Id.* at § 20.05[1]. The transactional relatedness test is not an obscure test unique to Rule 20; it is also used to analyze cross-claims and counterclaims under Fed. R. Civ. P. 13. *See Arch Mineral Corp. v. Lujan*, 911 F.2d 408, 412 (10th Cir. 1990). While the language of Rule 13 and Rule 20 is not identical, the transactional relatedness requirement is analyzed in the same manner under both rules. Moore, *supra*, § 20.05[2]; Wright *et al.*, *supra*, § 1653; *see also King v. Pepsi Cola Metro. Bottling Co.*, 86 F.R.D. 4,5 (E.D. Pa. 1979) (analogizing the transactional relatedness requirements of Rule 13 and Rule 20). The essence of the transactional relatedness requirement is a test of logical relationship. *See Fox v. Maulding*, 112 F.3d 453 (10th Cir. 1997).

In the instant case, there is arguably a common question of law or fact among the various defendants. There is no question, however, that Plaintiff's right to relief against each defendant is not transactionally related to the other defendants. Plaintiff's Complaint alleges that each defendant purchased a "pirate access device" from a vendor, that each defendant resides and/or conducts business in New Mexico, that each defendant's order for a "pirate access device" was shipped through the same shipping facility, and that each defendant's alleged purchase was discovered through a single "raid" at this mail shipping facility. These facts do nothing to tie the defendants together in a logical relationship regarding any transaction, occurrence, or series of transaction or occurrences.

The shipment of the "pirate access devices" by the vendors is not a transaction or

occurrence giving rise to Plaintiff's asserted right to relief against the defendants. Thus, the fact that certain vendors used the same shipping facility does not show the requisite logical relationship among the defendants for permissive joinder under Rule 20.

The fact that each defendant was identified during the same "raid" similarly fails to show a sufficient relationship among the defendants to justify joinder under Rule 20. While the "raid" was a single occurrence that may have given rise to Plaintiff's awareness of the identity of each defendant, the raid itself does not give rise to any asserted right to relief.

Plaintiff contends that the transactional relationship test is met because each defendant allegedly engaged in similar conduct. The alleged similarity of all defendants' conduct does not create a logical relationship among defendants such that permissive joinder is justified under rule 20. Plaintiff does not allege that defendants acted in concert or with a common plan. There is no common transaction or occurrence or series of transactions or occurrences logically connecting defendants to one another. Therefore, defendants in this care are misjoined under Rule 20.

Rule 20 provides that "misjoinder of parties is not grounds for dismissal of an action." To correct misjoinder, however, the Court may sever or dismiss the improperly joined defendants. *See* Fed. R. Civ. P. 21 ("parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of an action and on such terms as are just"). Other courts in this district addressing misjoinder of claims in similar cases brought by Plaintiff have dismissed all defendants other than the first-named defendant, rather than sever defendants, on the grounds that the burden of correcting the misjoinder should be on Plaintiff and not on the Court. *See DIRECTV, Inc. v. Banks, et al.*, Civil No. 03-610 WJ/LFG (D.N.M. Jan. 20, 2004) (unpublished Order) (concluding that defendants were not properly joined under Fed. R. Civ. P.

20 and dismissing all but the first named defendant); *DIRECTV, Inc. v. Delmore, et al.*, Civil No. 03-1370 WJ/WDS (D.N.M. Feb. 13, 2004) (unpublished order) (same). The Court agrees with the reasoning of these courts and will dismiss this action as to all defendants other than the first-named defendant.[1]

**IT IS THEREFORE ORDERED** that pursuant to Fed. R. Civ. P. 21, Defendants Matthew Narvaez and Javier Barron are hereby DISMISSED from this action WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that the caption of this case is hereby amended as follows:

**DIRECTV, INC.,**

    **Plaintiff,**

    **v.**                                                                                                  **Civ. No. 03-606 MV/LCS**

**JAVIER LOPEZ,**

    **Defendant.**

**IT IS FINALLY ORDERED** that if Plaintiff DIRECTV, Inc., elects to reassert its claims against these defendants by filing separate cases against them within 30 days of this Order, the newly filed Complaints shall relate back to the date on which the original Complaint in this case was filed.

Dated this 20th day of August, 2004.

---

[1] Defendant Lynn Nichols has been dismissed from this case. *See* Order of Dismissal of Claims Regarding Defendant Lynn Nichols, entered July 16, 2004, [Doc. No. 46].

4

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE